UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTTSDALE INSURANCE COMPANY,

                Plaintiff(s),

vs.

WAPPINGERS FALLS OWNERS CORP.,
STEVEN KORNBLUTH, AND
QBE INSURANCE CORPORATION,

                Defendant(s)

COMPLAINT FOR DECLARATORY JUDGMENT

Civil Action No.:

Plaintiff SCOTTSDALE INSURANCE COMPANY ("Scottsdale") by its attorneys, Goldberg Segalla LLP, for its complaint herein, alleges, upon information and belief, as follows:

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure.

**THE PARTIES**

2. Scottsdale is a corporation existing under the laws of Ohio, with its principal place of business in Scottsdale, Arizona, which is duly authorized to engage in the business of selling insurance in the State of New York.

3. Upon information and belief, Wappingers Falls Owners Corporation ("Wappingers Falls"), is a domestic corporation duly organized and existing under the laws of the State of New York, and maintaining its offices in the State of New York.

4. Upon information and belief, Steven Kornbluth is an individual residing in Dutchess County, New York.

5. Upon information and belief, QBE Insurance Corporation ("QBE") is an insurance company incorporated in the State of Pennsylvania maintaining administrative offices

in the State of Wisconsin.

6. QBE is named as a nominal defendant only.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

8. Venue in this district is proper under 28 U.S.C. paragraph 1391(b)(2), since a substantial part of the events giving rise to the claim occurred in this judicial district, and one of the defendants maintains his residence in this district.

## FACTS

9. Scottsdale issued a Commercial General Liability policy to Wappingers Falls, Policy No. CPS2527231, for effective period September 19, 2016 to September 19, 2017 ("the Policy").  A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

10. An underlying action was brought by Steven Kornbluth against Wappingers Falls and others in the Supreme Court of the State of New York, Dutchess County, under Index Number 50747/2017, in or about March 2017 (the "Underlying Action").  A true and accurate copy of the Complaint in the Underlying Action is annexed hereto as **Exhibit B.**

11. In or about April 2017, Scottsdale received notice of the Underlying Action.

12. By letter dated July 17, 2017, Scottsdale agreed to defend Wappingers Falls subject to a Reservation of Rights.  A true and accurate copy of the July 17, 2017 Reservation of Rights letter is annexed hereto as **Exhibit C.**

13. Among other coverage defenses, Scottsdale reserved the right to disclaim coverage to Wappingers Falls based upon the potential applicability of the Fungi or Bacteria

Exclusion contained in the Policy.

14. Scottsdale also reserved the right to deny coverage to the extent that Steven Kornbluth did not sustain "bodily injury" or "property damage" during the policy period.

15. Upon information and belief, QBE issued a Cooperative Apartment Policy to Wappingers Falls, Policy No. CAU231024-1, which for policy period September 19, 2015 to September 19, 2016.

16. Upon information and belief, QBE was also provided notice of the Underlying Action.

17. Upon information and belief, QBE also issued a Reservation of Rights to Wappingers Falls.

18. Upon information and belief, QBE has also been defending Wappingers Falls pursuant to a Reservation of Rights.

19. On or about October 16, 2017, Steven Kornbluth filed an Amended Complaint against Wappingers Falls and others. A copy of the Amended Complaint is attached as **Exhibit D.**

20. By letter dated January 9, 2018, Scottsdale supplemented its prior Reservation of Rights letter to address the allegations contained in the Amended Complaint. A copy of the January 9, 2018 Reservation of Rights letter is attached as **Exhibit E.**

21. The Complaint and Amended Complaint in the Underlying Action contain allegations that Wappingers Falls and others were negligent, breached warranties of habitability, created a nuisance and intentionally and/or negligently inflicted emotional distress upon him by causing, contributing to, and/or permitting hazardous conditions to exist in Mr. Kornbluth's cooperative unit, Unit 11A, within a residential cooperative property located at 1548 Route 9 in

Wappingers Falls, New York.

22. Upon information and belief, Steven Kornbluth purchased Unit 11A of the cooperative property located at 1548 Route 9 on or about August 15, 2015.

23. On or about January 16, 2020, a trial by jury with respect to liability only proceeded against the remaining defendants, including Wappingers Falls.

24. The jury returned a verdict against Wappingers Falls, concluding that it had been negligent and that its negligence had been a substantial factor in causing plaintiff's alleged injuries.

25. A trial by jury relative to Steven Kornbluth's damages, if any, is currently scheduled to commence on July 24, 2020.

26. An actual and justiciable controversy exists between the parties.

## COUNT I

### (Declaratory Judgment against Wappingers Falls)

27. Scottsdale repeats and realleges paragraphs 1-26 as if stated more fully in this paragraph 26.

26. The policy contains the following potentially relevant exclusions:

**CG 21 67 (12-04)**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.   The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**

**This insurance does not apply to:**

**Fungi Or Bacteria**

a. **"Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.**

b. **Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.**

**This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.**

27. The Scottsdale policy contains an exclusion entitled, "Fungi or Bacteria Exclusion", which provides that the Policy does not insure claims of "bodily injury" or "property damage" caused directly or indirectly or in whole or in part, by the inhalation of, exposure to, or presence of any fungi or bacteria within a building or structure.

28. In the Underlying Action, Steven Kornbluth alleges that he became ill and suffered "personal injury" as the result of the presence of black mold and Aspergillus Fumigatus in his cooperative unit.

29. Black mold and Aspergillus Fumigatus are fungi.

30. The Underlying Action seeks damages for bodily injury caused by ingestion, inhalation or exposure to fungus. Such damage is excluded by the "Fungi or Bacteria Exclusion," and there is no coverage under the Scottsdale policy.

31. Scottsdale has no duty to pay damages or provide a defense in connection with any suit alleging bodily injury to which the Policy does not apply.

32. Accordingly, Scottsdale is entitled to a declaration that it has no duty to defend or indemnify Wappingers Falls in connection with bodily injury excluded under the "Fungi or Bacteria Exclusion" in the Scottsdale Policy.

### COUNT II

### (Declaratory Judgment Against Wapppingers Falls)

33. Scottsdale repeats and realleges paragraphs 1-32 as if stated more fully in this paragraph 33.

34. The Insuring Agreement of the policy, as amended by form CG01630711 (New York Changes), provides, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against**

any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  b.    This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

    (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property

>  damage" during or after the policy period will be deemed to have been known prior to the policy period.

35. The Policy was in effect from September 19, 2016 to September 19, 2017 ("the policy period").

36. According to Steven Kornbluth's testimony, he resided in Unit 11A from February 2016 until June 2017.

37. In Steven Kornbluth's Bills of Particulars served in the Underlying Action, Steven Kornbluth's alleges that his bodily injury occurred from "February, 2015" and continues to present.

38. In these Bills of Particulars, Steven Kornbluth alleges that he began to feel ill in the spring of 2016.

39. Scottsdale has no duty to indemnify Wappingers Falls for any "bodily injury" that did not occur during the policy period.

40. Scottsdale is entitled to a declaration that it owes no coverage to Wappingers Falls to the extent that defendant Kornbluth's bodily injury, if any, did not occur within the policy period of the Policy.

41. For these reasons, Scottsdale is entitled to a declaration that it has no obligation to defend or indemnify Wappingers Falls in response to the Underlying Action under the Policy.

WHEREFORE, Scottsdale demands judgment finding and declaring the rights of the parties as follows:

1. Under Count I, that Scottsdale has no duty to defend or indemnify Wappingers Falls in the Underlying Action; and

2. Under Count II, that Scottsdale has no duty to defend or indemnify Wappingers

Falls; and

3. That the court grant Scottsdale such other, further and different relief as it deems just, equitable and proper.

Dated: Buffalo, New York
May 19, 2020

          GOLDBERG SEGALLA, LLP

          By: ___*s/Sharon Angelino*_____
          Sharon Angelino
          *Attorneys for Plaintiff – Scottsdale Insurance Company*
          665 Main Street
          Buffalo, NY 14203-1425
          Phone: 716.566.5411
          Fax:     716.566.5401
          sangelino@goldbergsegalla.com

TO: Corporation Services Company
     80 State Street
     Albany, New York 12207